**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JOSEPH PLATT THRASH,                    )
                                        )
            Petitioner,                 )
                                        )
v.                                      )        Case No. CIV-26-583-D
                                        )
STATE OF OKLAHOMA, et al.,              )
                                        )
            Respondents.                )

### REPORT AND RECOMMENDATION

Petitioner Joseph Platt Thrash, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"), Doc. 6, challenging his conviction and sentence in case number CF-2023-180, District Court of Grady County, Oklahoma. Petitioner also filed an Addendum to Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Addendum"). Doc. 13.[1] United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends the Court dismiss the Petition with prejudice.

Petitioner also has pending a Motion to Appoint Counsel, in which he moves the Court to appoint a United States Attorney. Doc. 7. Adoption of the Report and Recommendation would moot the pending motion.

---

[1] Page citations refer to the pagination of the Court's electronic case filing system.

## I.    Background and Procedural History

On March 26, 2025, Petitioner entered a plea of guilty to two misdemeanors and two felonies.[2] Petitioner did not timely move to withdraw his plea. Both before and after entering his plea, however, Petitioner sought various other forms of relief from the Oklahoma state courts on the jurisdictional grounds that (1) he is a member of the Kiowa Tribe, (2) the offenses occurred on the Kiowa, Comanche, and Apache ("KCA") Reservation, and (3) the KCA Reservation has not been disestablished. No court granted any of these requests for relief. *See generally* Docs. 6 through 6-22; *see also* online dockets for case numbers CF-2023-180 in the District Court of Grady County; MA-122062 and MA-122799 in the Supreme Court of Oklahoma; and MA-2024-320, MA-2025-276, and PC-2025-739 in the Oklahoma Court of Criminal Appeals.

## II.    Petitioner's Grounds for Relief

Before this Court, Petitioner seeks habeas relief on the ground that he was denied effective assistance of trial counsel due to counsel's "fail[ure] to file timely [a] motion to withdraw plea based on fact of Petitioner's membership in the Kiowa Tribe" and, therefore, the state "lack[ed] . . . jurisdiction" under a certain treaty that "requires tribal or federal prosecution when they occur on [the] Kiowa Reservation and Petitioner is a  member of that tribe." Doc. 6 at 5; *see also* Doc. 6-2 at 4-5. In his Addendum, he clarifies that his

---

[2] The undersigned takes judicial notice of the online docket report and documents filed in Petitioner's state criminal proceedings, available at www.oscn.net/dockets. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

Petition "is about the State of Oklahoma not recognizing that the United States Congress has never disestablished" the KCA Reservation.  Doc. 13 at 1.

### III.    Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court promptly to conduct a preliminary review of habeas petitions.  A petition should be dismissed "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *Id.* (citation modified).  Additionally, "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will not, however, provide a petitioner with arguments or act as his advocate.  *See id.*

### IV.    Analysis

#### A.    Ineffective assistance of counsel under *Strickland*

Petitioner raises an ineffective-assistance-of-counsel claim, asserting that counsel failed to file a motion timely to withdraw his guilty plea.  Doc. 6 at 5.  When evaluating counsel's performance, a federal habeas court considers whether the petitioner has shown "both that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense."  *Hooks v. Workman*, 689 F.3d 1148, 1186 (10th Cir. 2012); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth the standard for reviewing a claim of ineffective assistance of counsel).  "The court may address the two *Strickland* prongs in either order and need not address both if

the defendant has failed to satisfy one." *Frederick v. Quick*, 79 F.4th 1090, 1105 (10th Cir. 2023).

Looking first to the prejudice prong, the undersigned evaluates whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When challenging counsel's actions about withdrawing a guilty plea, "the proper prejudice inquiry" is "whether the trial court would have granted such a motion." *Brooks v. Archuleta*, No. 14-CV-02276, 2015 WL 2330020, at *7 (D. Colo. May 14, 2015); *aff'd*, 621 F. App'x 921, 925 (10th Cir. 2015) ("The relevant prejudice inquiry is not whether [the petitioner] would have pled guilty in the first place, but whether [the petitioner] could have successfully withdrawn his plea." (citation modified)); *see also Petsche v. Tafoya*, 146 F. App'x 306, 314 (10th Cir. 2005) (explaining that, to prevail on a claim of prejudice due to ineffective assistance regarding a motion to withdraw a guilty plea, the petitioner "must demonstrate that there was a reasonable probability that [counsel's] assistance would have led to a favorable outcome on the motion").

## B.    Lack of prejudice

A central tenet of the jurisdictional argument underlying Petitioner's claim is that the KCA Reservation was not disestablished by Congress. Docs. 6 at 5, 6-2, 13 at 1. "The framework we employ to determine whether an Indian reservation has been diminished is well settled." *Nebraska v. Parker*, 577 U.S. 481, 487 (2016) (citing *Solem v. Bartlett*, 465 U.S. 463 (1984)). "Only Congress can divest a reservation of its land and diminish its boundaries." *Solem*, 465 U.S. at 470. And "the question of whether Congress had

disestablished a particular reservation had to be based on the particular treaties and statutory history involved." *Williams v. Harpe*, No. CIV-23-0147-HE, 2023 WL 3015301, at *1 (W.D. Okla. Apr. 19, 2023) (citing *McGirt v. Oklahoma*, 591 U.S. 894, 932 (2020)). "As to the Kiowa Comanche Apache Reservation, the courts have long since concluded that Congress disestablished it." *Id.* (citing *Tooisgah v. United States*, 186 F.2d 93, 97-98 (10th Cir. 1950) and *Martinez v. State*, 502 P.3d 1115, 1120 (Okla. Crim. App. 2021)); *see also Martinez*, 502 P.3d at 1120 (finding, based on the record in that case, "that Congress intended to disestablish the Kiowa Comanche Apache Reservation, and did so, by the Act of 1900"); *Codynah v. Buss*, No. CIV-23-478-J, 2024 WL 1977495, at *4 (W.D. Okla. Apr. 2, 2024) (recommending denial of a petitioner's jurisdictional argument based on the disestablishment of the KCA Reservation) (R&R), *adopted*, 2024 WL 1980734 (W.D. Okla. May 2, 2024).[3]

Accordingly, the jurisdictional argument underlying Petitioner's ineffective-assistance-of-counsel claim lacks merit.  As a result, had counsel moved to withdraw Petitioner's guilty plea based on the jurisdictional argument, there is not a reasonable

---

[3] Further undermining the merits of Petitioner's jurisdictional argument is the fact that, at his 2025 plea hearing, he acknowledged to the trial judge that his offenses did not occur in Indian country.  Petitioner agreed with the trial judge at the plea hearing that the offenses "occurred in a non-McGirt area."  Doc. 6-21 at 7 (Oct. 24, 2025, Revised Order Denying Defendant's Motion to Withdraw Guilty Plea Out of Time) (quoting plea hearing from March 26, 2025).  In addition, the plea-of-guilty form that Petitioner signed with his plea indicated he was Indian but included a handwritten notation that his offenses were "Not in McGirt Area."  Doc. 6-7 at 6 (Mar. 26, 2025, Plea of Guilty).  *See generally McGirt*, 591 U.S. 894 (holding that reservations that have not been disestablished remain Indian country for purposes of jurisdiction under federal criminal law).

probability the motion would have been granted.  Therefore, Petitioner cannot establish prejudice under *Strickland*.  *See Brooks*, 2015 WL 2330020, at *8 (agreeing with the state court's determination the petitioner was not prejudiced under *Strickland* because a motion to withdraw his guilty plea would not have been granted); *Brooks*, 621 F. App'x at 926 (affirming determination of no prejudice); *Garcia v. Bravo*, 181 F. App'x 725, 731 (10th Cir. 2006) (affirming the state court's determination there was no prejudice under *Strickland*, when the petitioner argued counsel was ineffective during the proceedings on his motion to withdraw his guilty plea, because "even if [counsel] had performed as [the petitioner] asserts he should have, there is not a reasonable probability a state court would have permitted [the petitioner] to withdraw his guilty plea" (citation modified)).

### C.    Conclusion

The undersigned recommends dismissal of the Petition under Habeas Rule 4, as "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Habeas Rule 4; *Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005); *see also Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (noting the "critical question" is whether the allegations in the petition are "so vague or conclusory," "palpably incredible," or "patently frivolous or false" as to warrant summary dismissal (citation modified)). Dismissal of a habeas petition on the merits triggers the gatekeeping restrictions under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and prevents the petitioner from later seeking habeas relief by challenging the same conviction.  28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *In re*

*Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (explaining that dismissal of a habeas petition on the merits renders "any later habeas petition challenging the same conviction . . . second or successive and . . . subject to the AEDPA requirements"). Accordingly, a dismissal on the merits should be with prejudice.[4]

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition, Doc. 6, with prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than July 6, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

[4] Even if this action could alternatively be dismissed without prejudice if Petitioner has failed to exhaust his state court remedies, the undersigned finds it a better use of judicial resources to recommend dismissal on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Revilla v. Gibson*, 283 F.3d 1203, 1211 (10th Cir. 2002) ("We therefore invoke our discretion to bypass complex issues of exhaustion and procedural bar to reject the claim on the merits." (citation modified)).

**ENTERED** this 15th day of June, 2026.

_____

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE